# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**VICTOR RODRIGUEZ,**
        **Plaintiff,**

**-vs-**                                          **Case No. 6:05-cv-491-Orl-28KRS**

**PALMER ELECTRIC COMPANY,**
**ROBERT PARKER, III,**
        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration following oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR COURT APPROVAL OF SETTLEMENT AGREEMENT AND MOTION TO DISMISS PLAINTIFF VICTOR RODRIGUEZ'S CLAIMS WITH PREJUDICE (Doc. No. 47)**
>
> **FILED:** March 24, 2006
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* The parties have reached a settlement agreement and seek court approval of that agreement. In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." *Id*. at 1353.

On April 7, 2006, I held a hearing to consider the fairness of the settlement. Counsel indicated that while the settlement did not result in payment of the full amount originally sought, it represented payment of the amount of overtime compensation reasonably alleged to be due after reviewing payroll records disclosed during discovery.  Because the amount paid was the amount of overtime compensation reasonably determined to be due after discovery, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA.

Accordingly, I respectfully recommend that the Court approve the settlement agreement submitted with the joint motion (doc. no. 47), and dismiss the case with prejudice. I also recommend that the Court direct the Clerk to close the file after an order of dismissal is entered.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 7, 2006.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy